UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANDRE VALME,

                      Plaintiff,        **AMENDED COMPLAINT**

   -against-                                    PLAINTIFF DEMANDS
                                             TRIAL BY JURY

THE CITY OF NEW YORK, POLICE OFFICER
ANDREW SENTOUKTSI, Tax ID 952227, POLICE   13-CV-2685 (RJD) (LB)
OFFICER JEFFREY BONGIORNO, shield #16936,
POLICE OFFICER ANTHONY DILUCA, shield #1846,
POLICE OFFICER UGUR BEK, shield #6681,
SERGEANT SALVATORE MANNINO, shield #2743,
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                      Defendants.
-------------------------------------------------------X

       Plaintiff ANDRE VALME, for his complaint, by his attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF ANDRE VALME (hereinafter "VALME") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about November 19, 2012 at approximately 5:45 P.M., VALME was falsely arrested with excessive force by employees of the City of New York, including but not limited to POLICE OFFICER ANDREW SENTOUKTSI, Tax ID 952227, POLICE OFFICER JEFFREY BONGIORNO, shield #16936, POLICE OFFICER ANTHONY DILUCA, shield #1846, POLICE OFFICER UGUR BEK, shield #6681, and SERGEANT SALVATORE MANNINO, shield #2743. As a result of the excessive force used by Defendants, VALME suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. VALME at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER ANDREW SENTOUKTSI, Tax ID 952227 (hereinafter "SENTOUKTSI") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SENTOUKTSI is sued in his official and individual capacity.

6. Defendant POLICE OFFICER JEFFREY BONGIORNO, shield #16936 (hereinafter "BONGIORNO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BONGIORNO is sued in his official and individual capacity.

7. Defendant POLICE OFFICER ANTHONY DILUCA, shield #1846 (hereinafter "DILUCA") was an NYPD police officer, and at all times relevant hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DILUCA is sued in his official and individual capacity.

8. Defendant POLICE OFFICER UGUR BEK, shield #6681 (hereinafter "BEK") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BEK is sued in his official and individual capacity.

9. Defendant SERGEANT SALVATORE MANNINO, shield #2743 (hereinafter "MANNINO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MANNINO is sued in his official and individual capacity.

10. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

11. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

12. On November 19, 2012, at approximately 5:45 P.M., VALME was walking on Church Avenue between Nostrand Avenue and Fairview Place, Brooklyn, NY, when

SENTOUKTSI and additional New York City Police Officers stopped VALME. The officers arrested VALME with excessive force, including throwing VALME to the ground. As a result of the excessive force used by defendants, VALME suffered dental and other injuries.

13. VALME was transported to the 67th Precinct and placed in a holding cell for approximately 30 minutes. VALME was given a desk appearance ticket for Disorderly Conduct and released on his own recognizance.

14. Prior to his arrest, VALME had approximately $11,476.53 in cash on his person. VALME's cash was seized by officers during his arrest. When VALME claimed his property after being released, he was not provided $3,476.57 of his cash.

15. All charges against VALME were dismissed when VALME appeared in court on or about February 19, 2013.

16. On or about the 31st day of December, 2012, VALME's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of VALME, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

17. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

18. Paragraphs 1 through 17 of this complaint are hereby realleged and incorporated by reference herein.

4

19. That Defendants had neither valid evidence for the arrest of VALME nor legal cause or excuse to seize and detain him.

20. That in detaining VALME without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. VALME was but one of those persons.

21. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

22. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

23. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of VALME's rights alleged herein.

24. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of VALME's rights, subjected VALME to an unlawful detention, in violation of the Fourth and

      Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

25. By reason of the foregoing, VALME suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

26. Paragraphs 1 through 25 are hereby realleged and incorporated by reference herein.

27. That the seizure, detention and imprisonment of VALME was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

28. That Defendants intended to confine VALME.

29. That VALME was conscious of the confinement and did not consent to it.

30. That the confinement was not otherwise privileged.

31. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of VALME's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

32. That by reason of the foregoing, VALME suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

33. Paragraphs 1 through 32 are hereby realleged and incorporated by reference herein.

34. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

35. That Defendants had no legal cause or reason to use excessive force in effectuating VALME's arrest.

36. That Defendants violated VALME's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

37. That at the time of the arrest or while in custody, VALME did not pose a threat to the safety of the arresting officers.

38. That VALME was not actively resisting arrest or attempting to evade arrest.

39. That defendant CITY, through its officers, agents, and employees, unlawfully subjected VALME to excessive force while effectuating his arrest.

40. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

41. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of VALME's rights, subjected VALME to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

42. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of VALME's civil rights, including but not limited to the right to be free from the application of excessive force.

43. That upon information and belief, in 2012, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

44. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of VALME's rights alleged herein.

47. By reason of the foregoing, VALME suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

48. Paragraphs 1 through 47 are hereby realleged and incorporated by reference herein.

49. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

50. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

51. That Defendants had no legal cause or reason to use excessive force in effectuating VALME's arrest or after VALME was arrested and in custody.

52. That at the time of the arrest, VALME did not pose a threat to the safety of the arresting officers.

53. That VALME was not actively resisting arrest or attempting to evade arrest.

54. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

55. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of VALME's rights, subjected VALME to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

56. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of VALME's civil rights, including but not limited to the right to be free from the application of excessive force.

57. By reason of the foregoing, VALME suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT AND BATTERY)

58. Paragraphs 1 through 57 are hereby realleged and incorporated by reference herein.

59. That Defendants intended to cause harmful bodily contact to VALME.

60. That defendant Defendants, in a hostile manner, voluntarily caused VALME'S injuries.

61. That Defendants' contact with VALME constituted a battery in violation of the laws of the State of New York.

62. That by reason of the foregoing, VALME suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (CONVERSION)

63. Paragraphs 1 through 62 are hereby realleged and incorporated by reference herein.

64. At the time of his arrest on November 19, 2012, VALME was in possession of approximately $11,476.53.

65. On or about November 19, 2012, Defendants took approximately $3,476.53 of the above mentioned property from VALME's possession and converted it to their own use.

66. As a result of the foregoing, VALME was damaged in the sum of $3,476.53.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

67. Paragraphs 1 through 66 are hereby realleged and incorporated by reference herein.

68. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

69. That at all times Defendants were acting within the scope of their employment.

70. That Defendant CITY was able to exercise control over Defendants activities.

71. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, VALME suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, VALME has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, VALME respectfully requests that judgment be entered:

1. Awarding VALME compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding VALME punitive damages in an amount to be determined by a jury;
3. Awarding VALME interest from November 19, 2012 and
4. Awarding VALME reasonable attorney's fees pursuant to 42 USC § 1988; and
5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         September 11, 2013

                                    _____
                                    DAVID A. ZELMAN, ESQ.
                                    (DZ 8578)
                                    612 Eastern Parkway
                                    Brooklyn, New York 11225
                                    (718)604-3072